ORAL ARGUMENT HAD ON NOVEMBER 5, 2015

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| THE MEDICINE SHOPPE, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 14-1223 |
| ) | |
| LORETTA E. LYNCH IN HER ) | |
| OFFICIAL CAPACITY AS THE ) | |
| ATTORNEY GENERAL OF THE ) | |
| UNITED STATES, *et al.*, ) | |
|     Respondents. ) | |

**PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE**

    Counsel for Petitioner, The Medicine Shoppe, respectfully files this his Response to the Court's Order to Show Cause as to why he should not be sanctioned for submitting a final brief in violation of Rule 30(c)(2)(B) of the Federal Rules of Appellate Procedure, as detailed in the Respondents' motion to strike.

    First, I would like to express my most sincere contrition and apology to the Court and Respondents Counsel for this error. In considering this response, it is my desire that the Court recognize my understanding and intent, and appreciate that this was an unfortunate mistake resulting from inexperience and <u>not</u> bad faith or egregious misjudgment amounting to conduct unbecoming a member of the

1

bar under Rule 46(c). I have been practicing law since 1993. However, my practice is primarily in the area of state and federal criminal defense and administrative law. As a result, I rarely practice before either state or federal appellate courts. This is my first case before this Court. I agreed to undertake representation of the Petitioner, Nnate Lekwa, in this matter per his request and out of my personal concern for his well-being. Since I was present at the administrative proceeding, the Petitioner was insistent that I take the case. I agreed. However, I was and have always been mindful of my duty to both the court and the client. In furtherance of that duty, I understand and value the importance of complying with the rules of practice in any court. After 25 years of practice, I have found that the most important quality an attorney can have is his integrity before the court. This integrity allows a judge to rely on what Counsel says and does, is the truth. Consequently, to ensure that I complied with this Court's Rules of practice, I thoroughly reviewed the Federal Rules of Appellate Procedure, the Court of Appeals for the DC Circuit Rules and the Local Rules of the DC Circuit. Moreover, to ensure compliance I engaged the services of the Lex Group. I chose the Lex Group based upon its promise that, "We guarantee that your brief and appendix will be in compliance with the Rules and accepted by the court. Every brief is extensively reviewed by at least two paralegals." (See Ex. 1). I submitted each brief to the Lex Group for review and

filing. In short, I took numerous steps to ensure that the Petitioner's briefs complied with this Court's Rules. The cost of this service was considerable totaling more than $7,399.00. (See Ex. 2). Although, I am mindful that each lawyer who files any document with any court is ultimately responsible for it under Fed. Rule Pro. 11 and Rule 46, it is incongruous to believe this rule violation constituted an intentional act of bad faith when such extraordinary and costly measures were taken to ensure compliance with this Court's rules. Also pertinent to this Court's consideration of why I would believe it was permissible to make changes to a brief filed with the Court is my confusion over the terms "Opening Brief, Page Proof and Final Brief." This misunderstanding lead to my erroneous conclusion that changes could be made to the brief until the "Final Brief" was submitted. This error was reinforced following the submission of the Petitioner's Opening Brief to the Lex Group. When I discovered a significant number of errors in the brief that I believed the Lex Group should have corrected, I sent them an email (Exhibit 3) on February 7, 2015 stating, "The brief is full of spelling and grammatical errors. Is there a way to correct these or do I just leave it?" In response the Lex Group stated, "Since this was the page proof brief, we can wait to fix any spelling and grammatical errors until it's time to file the final brief." On February 23, 2015, I sent the following email, "The attached brief has all of the typos and grammatical errors fixed. It does not have the addendum

documents. The Table of Authorities is more accurate. The filing deadline is today." In response, on February 23, 2015, the Lex Group stated, "Since we already filed this on February 2, I would suggest waiting to file this when you are required to file your "final" version of the brief on April 29 after the Appellee files, reply brief files and the appendix. Let me know if you still want to file a corrected page proof brief, since you already met your initial due date by filing early if you decide you would like to still file we can do it tomorrow. Let me know. Thanks! Elaine K. Rondina. The Lex Group." (Ex 3). This exchange lead me to believe that changes to the briefs was permitted up until the final briefs were due. The Court's docket substantiates my belief as Petitioner has several subsequent filings entitled "Petitioner's Final Brief" and "Petitioner's Redacted Final Brief." For example, on 06/08/2015, Petitioner filed a Redacted Brief [1565396]; on 06/22/2015 Redacted Petitioner Final Brief [1567413]; on 07/23/2015 Petitioner Final Brief [1567612]. Consequently, the impetus of these multiple filings was a genuine mistake not my intent to prejudice the opposing counsel. Nor was it my intent to act in bad faith or act egregiously in order to achieve some improper purpose. *See, e.g., In re Shieh*, 738 A.2d 814, 819 (D.C. 1999). On the contrary, I endeavored to cooperate with Respondent's Counsel in their repeated requests for changes to the Joint Appendix. Similarly, after filing Petitioner's Opening Brief on 02/04/2015 [1535829], I agreed to Respondent's

4

motion to extend time to file Respondents Brief on 03/17/2015. I agreed the case go to mediation and to holding the case in abeyance on 04/21/2015. Even after the Respondents refused to attend mediation, knowing I had flown up to Washington, DC, I agreed to their motion to extend time to file their brief on 06/08/2015. The Respondents ultimately filed their brief on 06/11/2015, more than four (4) months after the Petitioner. I respectfully submit to this Court that extending multiple courtesies to opposing counsel's requests for extension of time giving them additional months to respond does not suggest a bad faith motive. Rather, my intent was merely to achieve the legitimate objective of restoring my client's DEA Registration by putting before the Court authority essential to the just adjudication of the issues on appeal. The DC Circuit Court has recognized "the fundamental principle that the attorney owes a fiduciary duty to his client and must serve the client's interests with the utmost loyalty and devotion." *In re Gonzalez*, 773 A.2d 1026, 1031 (D.C. 2001). Likewise, Rule 1.3 of the Rules of Professional Conduct ... requires the lawyer to represent the client 'zealously,' and prohibits the lawyer from failing to 'seek the lawful objectives of [the] client.'" *In re Stanton*, 757 A.2d 87, 90 (D.C. 2000). To this end, Petitioner filed its Final Brief on 07/23/2015 [1567612]. In this filing, typographical errors were corrected, redactions were made, and various citation references were updated. Editorial amendments were also made that neither Counsel for the

Petitioner, nor the Lex Group considered radical alterations or changes in the overall theme of Petitioner's appeal. These changes included reordering the Petitioner's arguments, placing the most important issues ahead of the less important ones, as well as bring forth the more salient points of law for the court's consideration. Although careless and naïve, my error does not constitute conduct "conduct unbecoming a member of the bar." This phrase encompasses conduct "contrary to professional standards that shows an unfitness to discharge continuing obligations to clients or the courts, or conduct inimical to the administration of justice." *In re Snyder*, 472 U.S. 634, 643-45 (1985). Courts have typically disciplined attorneys for "unbecoming" conduct only in cases involving "significant elements of aggravation, such as deliberately misleading the court or displaying egregious misjudgment." *Id*. [1]

In this case, I pray the Court see my actions as a good-faith effort to balance the duties owed to my client and to this Court. I respectfully submit to the Court that further sanctions are unwarranted given its refusal to accept the Petitioner's filing, and striking his petition.

WHEREFORE, premises considered, Petitioner respectfully requests that

---

[1] *See also Braley v. Campbell,* 832 F.2d 1504, 1510 & n.5 (5th Cir. 1987) (conduct unbecoming a member of the bar generally means, "Attorney behavior that is an affront to the express authority of the court, or that shows an unfitness to discharge the attorney's continuing obligations to the court or to clients").

the Court discharge the Order to Show Cause and provide Petitioner with all relief it is entitled to in both equity and law.

                                      Respectfully submitted,

                                      /s/ Jeffrey C. Grass
                                      Jeffrey C. Grass (CADC Bar No. 55514)
                                      JEFFREY C. GRASS & ASSOCIATES
                                      Bank of America Tower
                                      101 E. Park Blvd., Ste. 600
                                      Plano, Texas 75074
                                      Tel: (214) 273-7290
                                      Fax: (214) 273-7291
                                      Email: Jeff@GrassLaw.com

                                      *Counsel of Record

Dated:   December 21, 2015

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that, on December 21, 2015, I caused this Response of Petitioner to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

DOJ Appellate Counsel
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
(202) 514-2000
civil.appellate@usdoj.gov

Anita J. Gay
U.S. Department of Justice (DOJ) Criminal Division,
Narcotic & Dangerous Drug Section
145 N Street, NE Second Room 11412 Second Floor, East Wing
Washington, DC 20530
(202) 353-7629
Anita.gay2@usdoj.gov

Lena D. Watkins
U.S. Department of Justice (DOJ) Criminal Division,
Narcotic & Dangerous Drug Section
145 N Street, NE Second Floor, East Wing
Washington, DC 20530
(202) 514-8713
Lena.Watkins@usdoj.gov

*Counsel for the Respondent*

                                      2015/s/ Jeffrey C. Grass
                                      Jeffrey C. Grass (CADC Bar No. 55514)
                                      *Counsel for the Petitioner*

Dated: December 21,

# Unique Features of The LEX Group

### Immediate Notification of Briefing Orders, Opinions and all Pertinent Rulings

Our dedication to utilizing our advanced communications systems with the courts allows us to immediately inform you of your briefing orders and opinions rendered, as well as keep you abreast of all pertinent rulings that occur during the appellate process. Providing advance notification insures the maximum time to prepare for your case and to meet the critical deadlines demanded in appellate practice.

### Charted and Cross-Referenced Rule Summaries

We are the only service to provide a charted description of the Rules of Court. It is cross-referenced to the Rule citations to facilitate your referral. Our Summaries have been used as educational tools in several courts and law schools.

### Guaranteed Court Acceptance

We guarantee that your brief and appendix will be in compliance with the Rules and accepted by the court. Every brief is extensively reviewed by at least two paralegals. Our clients are advised immediately after the receipt and review of their brief and given an approximate time for the completion of their filing. They are again notified to confirm the filing and service to counsel of record.

### Recognized, Expert Staff

We have specialists for each court. They are available to you and your staff to guide you through every necessary detail. We have been commended for our knowledge of appellate procedure and our willingness to provide comprehensive guidance not only by our clients, but also by the courts

### Availability of Our Staff on Evenings and Weekends

We are sensitive to the hectic schedules trial attorneys and their staff must endure. We are willing to do everything possible to ensure that they meet their deadlines. Our staff will avail themselves for our clients during the evenings and weekends whenever necessary.

### Immediate Notification of Rule Changes

We notify our clients immediately, via facsimile, of the changes in the Rules. We also forward to our clients updated Summaries of the Rules.

### Complimentary Sample Briefs and Petitions

We provide our clients with complimentary sample briefs and petitions that are in compliance with all the current Rules of the court.

© 2013 The LEX Group. All Rights Reserved.

# Statement

The Lex Group VA
P.O. Box 1111
Richmond, VA 23218

| Date |
|---|
| 11/24/2015 |

To:

Jeffrey C. Grass
JEFFREY C. GRASS & ASSOCIATES
101 East Park Boulevard, Suite 107
Plano, Texas 75074

| Amount Due | Amount Enc. |
|---|---|
| $3,486.40 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 03/08/2015 | Balance forward | | 0.00 |
| 07/06/2015 | !NV #26798. Due 08/05/2015. | 360.50 | 360.50 |
| 07/13/2015 | INV #26830. Due 08/12/2015. | 4,048.11 | 4,408.61 |
| 07/20/2015 | PMT #5040. Inv. 26798 | -360.50 | 4,048.11 |
| 07/27/2015 | INV #26896. Due 08/26/2015. | 460.27 | 4,508.38 |
| 07/31/2015 | INV #26934. Due 08/30/2015. | 1,869.56 | 6,377.94 |
| 08/13/2015 | INV #26978. Due 09/12/2015. | 1,021.72 | 7,399.66 |
| 08/18/2015 | INV #FC 9304. Due 08/18/2015. VOID: Finance Charge | 0.00 | 7,399.66 |
| 08/19/2015 | PMT #Visa. Inv. 26830 | -4,048.11 | 3,351.55 |
| 11/23/2015 | INV #FC 9403. Due 11/23/2015. Finance Charge | 134.85 | 3,486.40 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 134.85 | 0.00 | 0.00 | 3,351.55 | $3,486.40 |

## Exhibit 3

**Jeffrey Grass** <jeff@grasslaw.com>  Feb 7
To Bianca Gianfrate <Bianca@thelexgroup.com>

The brief is full of spelling and grammatical errors. Is there a way to correct these or do I just leave it?

Best Regards,

Jeffrey C. Grass, J.D., M.S., A.C.L.M.

**Bianca Gianfrate** <Bianca@thelexgroup.com>  Feb 9

to me, Elaine

Since this was the page proof brief, we can wait to fix any spelling and grammatical errors until it's time to file the final brief.

-**Jeffrey Grass** <jeff@grasslaw.com>  Feb 23

to Bianca, Elaine

**The attached brief has all of the typos and grammatical errors fixed. It does not have the addendum documents. The Table of Authorities is more accurate. The filing deadline is today.**  Feb 23

**Elaine Rondina** <ekr@thelexgroup.com>
to me, Bianca

Since we already filed this on February 2 I would suggest waiting to file this when you are required to file your "final" version of the brief on April 29 after the Appellee files, reply brief files and the appendix. Let me know if you still want to file a corrected page proof brief, since you already met your initial due date by filing early if you decide you would like to still file we can do it tomorrow.
 Let me know.
Thanks!

Elaine K. Rondina
Appellate Consultant
THE LEX GROUP VA

**Jeffrey Grass** <jeff@grasslaw.com>  Feb 23

to Elaine, Bianca

I will do whatever you advise, so wait.

**Elaine Rondina** <ekr@thelexgroup.com>  Feb 23

to me, Bianca

Since you aren't changing actual context and we have to file a new version later anyway I would suggest waiting.
Thanks!
Elaine K. Rondina
Appellate Consultant